Shadinger Law, LLC
Jon G. Shadinger Jr., Esq. (70443MO)
100 S 4th Street
Suite 550
St. Louis, MO 63102
Tel. (314) 279-7416
Fax (314) 898-0423
js@shadingerlaw.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, an Individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>SLAM, LLC, a Domestic Limited Liability Company,<br><br>    Defendants. | Case No. 4:19-cv-02950 |

**<u>COMPLAINT</u>**

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, an Individual, on their behalf and on behalf of all other mobility impaired individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendant, SLAM, LLC, a Domestic Limited Liability Company ("Defendant"), for injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*.

1

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq*.**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

2. Venue is properly located in this Court; Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §1391(b) and E.D. Mo. L.R. 3 - 2.07.  Venue lies in the judicial district of the property situs.  The Defendants' property is located in and does business within this judicial district.

3. All events giving rise to this lawsuit occurred in the Eastern District of Missouri, within the boundaries of Saint Louis County, State of Missouri.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*  See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarte, California, 91010, in the County of Los Angeles.

6. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey.  THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, in the County of Union.

7. Defendant, SLAM, LLC, holds title to subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

8. The Defendants' property, also known as Marriott St. Louis Airport ("Marriott"), is located at 10700 Pear Tree Lane, St. Louis, Missouri 63134 ("Subject Property").

9. Plaintiff, JOHN MEGGS is a California resident, is sui juris, and qualifies as an

2

individual with disabilities as defined by the ADA.  Mr. Meggs is a paraplegic as the result of a spinal cord injury and requires a wheelchair for mobility at all times.

10. Plaintiff operates a business incorporated in the State of Missouri with its registered business address and his business partners' home address both being 2236 Renault Drive, Apartment C, St. Louis, Missouri 63146.

11. Plaintiff regularly visits St. Louis for pleasure and to conduct business; Mr. Meggs is a dee-jay, internet radio host, podcast host and musical talent scout.  Mr. Meggs regularly visits the St. Louis area to promote these endeavors and search for new musical talent by attending live musical events across the Greater Saint Louis area. Further, as a fan of the St. Louis Cardinals, Mr. Meggs schedules his trips around the opportunity to attend as many baseball games as possible.

12. Mr. Meggs is an extensive traveler by air, bus, and train. Mr. Meggs makes several trips to the St. Louis area per year by air from Los Angeles. These trips last, on average, 2-3 weeks after which Mr. Meggs travels by bus or train to visit his extensive family in the Kansas City area before returning home to Los Angeles by air. At this time, Mr. Meggs has return visits to the St. Louis area scheduled for November of 2019, April of 2020 and June of 2020, during which he will stay at area hotels or at his business partner's home.

13. Plaintiff has visited the subject property that forms the basis of this lawsuit on multiple occasions with his last overnight stay occurring in September 2019.  The Marriott's proximity to both Lambert International Airport and the MetroLink rail line make this property an attractive place to stay.  Mr. Meggs currently has return reservations at the Marriott St. Louis Airport booked for June 2020, during which time he would like to avail himself of the goods and services offered to the public at the property.

14. Plaintiff has encountered architectural barriers at the subject property.  The barriers to

access at the property have endangered his safety.  The plaintiff is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 15, and acts as a tester on their behalf to ensure the compliance of public accommodations under the Americans with Disabilities Act.

15.     Plaintiff, THE INDEPENDENCE PROJECT, INC. is a nonprofit New Jersey corporation.  Members of this organization include individuals, residing across the United States, with disabilities as defined by the ADA.  The purpose of this organization is to represent the interest of its members across the United States by assuring places of public accommodation are accessible to and usable by, the disabled and that its members are not discriminated against because of their disabilities.

16.     THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendants' discrimination until Defendant has been compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

17.     Defendant, SLAM LLC, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Marriott St. Louis Airport, and is located at 10700 Pear Tree Lane, St. Louis, Missouri 63134, in the County of Saint Louis.

18.     THE INDEPENDENCE PROJECT, INC. and JOHN MEGGS have a realistic,

credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 20 of this complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.  JOHN MEGGS desires to visit the subject property - Marriott St. Louis Airport, not only to avail himself of the goods and services available at the property but to assure himself that this property complies with the ADA; so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19.   Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182 *et seq*.

20.   Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of subject property has shown that violations exist.  These are violations that JOHN MEGGS personally encountered, including, but not limited to the following:

**Parking and Exterior Accessible Route**

a.   Parking designated accessible throughout Marriott property is not maintained, has faded striping, and lacks adequate access aisles, a violation of Section 502 of the 2010 ADA Standards. Mr. Meggs was unable to unload from his vehicle with the parking space due to a lack of access aisles.

b.   Marriott fails to provide a safe, accessible route for those in wheelchairs at the Passenger

5

Loading Zone, violating Section 503 of the 2010 ADA Standards. This condition prevented Mr. Meggs from unloading from his vehicle freely and safely at check-in.

    c.   The exterior accessible route throughout Marriott is impeded by curb ramps that are designed improperly along the route, violating Sections 402 and 406 of the 2010 ADA Standards.  These conditions are unsafe for Mr. Meggs; as he was impeded by the curb ramp at the main entrance of the hotel.

    d.   Mr. Meggs was affected by the lack of a compliant, accessible route from the main parking area to the hotel lobby entrance, a violation of Section 402 and 502 of the 2010 ADA Standards. Mr. Meggs requires adequate space to maneuver and a direct route is not provided.

    e.   Marriott fails to provide a safe accessible route to the adjacent street/sidewalk/bus stop, violating Section 206.2.1 of the 2010 ADA Standards.  The lack of a safe, accessible route renders impossible, the option of using public transportation for Mr. Meggs; he could only leave the property using a personal vehicle.

**Access to Goods and Services**

    f.   Marriott fails to provide desks with adequate knee clearance, violating Section 306 of the 2010 ADA Standards. Mr. Meggs was unable to use the desks because he could not comfortably approach.

    g.   Various counters, telephones and other elements throughout Marriott are mounted beyond the reach of Mr. Meggs, violating Section 308 of the 2010 ADA Standards. Due to their height Mr. Meggs was unable to access these amenities.

    h.   The interior route throughout the Marriott is impeded by steps and no accessible route is provided, this barrier violates Section 402 of the 2010 ADA Standards. Due to the lack of an accessible route Mr. Meggs was unable to travel freely through the hotel.

   i.   Wheelchair accessible dining tables are not provided at the hotel restaurant, violating Section 902 of the 2010 ADA Standards. Due to a lack of accessible tables Mr. Meggs is excluded from dining at this location.

**Hotel Guestrooms and Restrooms**

   j.   Restrooms provided within the guestrooms and lobby area are improperly designed and are in violation of Section 601 of the 2010 ADA Standards. Mr. Meggs was unable to freely and safely use the restrooms due to a lack of adequate maneuvering clearance, water closets which are improperly designed, flush controls mounted on the wall side, and lavatories that lack the required knee clearance. First, without proper maneuvering clearance Mr. Meggs could not freely enter and exit the restroom/water closet. Second, flush controls mounted on the incorrect side are inaccessible to Mr. Meggs. Finally, due to the lavatories' lack of proper knee clearance Mr. Meggs was unable to approach the sinks and, therefore, could not wash his hands before exiting the restroom.

   k.   Mr. Meggs was a guest in Room 1115, which was designated "accessible" by hotel staff. The guestroom, however, lacked all essential elements required for bathing/showering, a violation of Sections 607 and 608 of the 2010 ADA Standards.  The shower head was mounted well beyond his reach and Mr. Meggs was unable to bathe/shower comfortably due to the lack of accessible elements.

   l.   The desks in Mr. Meggs' guestroom failed to provide him with adequate knee clearance in violation of Section 306 of the 2010 ADA Standards. Mr. Meggs was unable to approach comfortably.

   m.  Mr. Meggs was unable to use the doors located within his guestroom due to a lack of latch side clearance, a violation of Section 404 of the 2010 ADA Standards.  When a door lacks latch side clearance Mr. Meggs cannot approach the door, open it and then pass through due to a lack of

7

maneuvering clearance for his wheelchair. As such, he was unable to enter and exit the doorways unassisted.

n. Mr. Meggs' guestroom provided him with improper hardware and other essential elements lacked accessibility, in violation of the 2010 ADA Standards. Various elements were mounted or located beyond his reach.

21. All of the foregoing violations are also violations of the 1991 American with Disabilities Act Accessibility Guidelines ("ADAAG") and the 2010 Standards for Accessible Design ("2010 ADA Standards"), as promulgated by the U.S. Department of Justice.

22. The discriminatory violations described in paragraph 20 are not an exhaustive list of the Defendants' ADA violations.  Plaintiffs require the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

23. The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendants have discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in

violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Furthermore, the Defendants continue to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and the Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

26. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with

disabilities as defined by the ADA.

28. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' request for Injunctive Relief, including an order to require the Defendants to alter the subject property to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the property until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendants, at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and

       services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: October 31, 2019

/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq. (70443MO)
Shadinger Law, LLC
100 S 4th Street
Suite 550
St. Louis, MO 63102
Tel. (314) 279-7416
Fax (314) 898-0423
js@shadingerlaw.com
*Attorney for Plaintiffs*